IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY BROADWAY,

        Plaintiff,                    No. CIV S-06-1482 MCE KJM P

    vs.

T. FELKNER, et al.,                   ORDER AND

        Defendants.            FINDINGS AND RECOMMENDATIONS

                                /

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action. On January 24, 2008 and February 13, 2008, plaintiff filed motions for injunctions.

I. <u>Standards For Injunctive Relief</u>

        The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

1

irreparable injury." Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

Speculative injury does not constitute irreparable harm.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown, although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844 F.2d at 674.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A.  January 24, 2008 Request (docket no. 44)

Plaintiff alleges that he is being transferred back to High Desert State Prison (HDSP) and fears that he will be harmed by the defendants in this lawsuit, all of whom still work at HDSP.  He avers that he "will more than likely suffer retaliation from these officers or other officers related to defendants, personally and environmentally." Memorandum of Law at 2.

The claim of harm is speculative at best; plaintiff has made no showing of an actual threat of retaliation or other injury.

B.  February 13, 2008 Request (docket no. 47)

Plaintiff alleges that, since his return to HDSP, he has not been given access to the law library, he has not been given his legal property, and his inmate appeals, sent to defendant Dangler, have been ignored.  Motion at 1.

These problems may impact the litigation of this case.  Accordingly, the court will direct counsel for the defendants to respond to plaintiff's claims.

II. <u>Requests For The Entry Of Default</u>

Plaintiff has filed three requests for the entry of default judgment against defendants Barnes and Sisto. However, on January 23, 2008, all four defendants filed a motion to dismiss. There is no basis for the entry of a default judgment.

III. <u>The Pending Motion To Dismiss</u>

Plaintiff has not filed his opposition to this motion. In light of his alleged difficulties in obtaining his legal property, he will be given additional time following resolution of his February 13, 2008 request for injunctive relief.

IT IS THEREFORE ORDERED that:

1. Plaintiff's requests for the entry of default (docket nos. 43, 49, 50) are denied; and

2. Counsel for the defendants is directed to respond to plaintiff's February 13, 2008 request for injunctive relief within thirty days from the date of this order.

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (docket no. 44) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 1, 2008.

_____
U.S. MAGISTRATE JUDGE

2
broa1482.ord

3