IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY BROADWAY,

        Plaintiff,                      No. CIVS-06-1482 MCE KJM P

    vs.

T. FELKER, et al.,                    ORDER AND

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. In his amended complaint, he alleges that he informed defendants Barnes, Sisto, Townsend and Dangler that he had been threatened by other inmates, yet the defendants failed to act and plaintiff was ultimately assaulted. He has filed a motion to compel discovery, a motion for an extension of time to conduct discovery and two motions for injunctive relief.

I. Motion To Compel Discovery

        On March 31, 2008, plaintiff filed a motion for an order directing defendants Townsend and Dangler to answer interrogatories and produce documents. Defendants have opposed the request on several grounds, but the court finds that the request is not timely.

/////

/////

1

1    Under the court's scheduling order, requests for discovery were to be served sixty
2 days before the discovery cut-off date, which was April 18, 2008.[1]  However, plaintiff does not
3 dispute the fact that he served his discovery requests on or about March 6, which was not timely.
4 Plaintiff claims he did not receive the scheduling order until the time for serving requests had
5 passed, but he did not then seek to modify the scheduling order; instead, he filed a request for
6 injunctive relief for access to the law library.  Because the discovery requests were filed late, the
7 motion to compel is not well taken.

8 II.  Motion For An Extension Of Time To Conduct Discovery

9    On April 14, 2008, plaintiff filed a motion for an extension of time to conduct
10 discovery, alleging as he has in other motions, that he was transferred shortly after the court
11 issued its scheduling order and that he did not receive his legal property until February 27, 2008,
12 after the date by which he was required to serve discovery requests.  Defendants have not
13 opposed the request.

14    Plaintiff has established good cause for this request.

15 III.  Motions For Injunctive Relief

16    The legal principles applicable to a request for injunctive relief are well
17 established.  To prevail, the moving party must show either a likelihood of success on the merits
18 and the possibility of irreparable injury, or that serious questions are raised and the balance of
19 hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122
20 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,
21 1376 (9th Cir.1985).  The two formulations represent two points on a sliding scale with the focal
22 point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under
23 any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
24 irreparable injury."  Id. In the absence of a significant showing of possible irreparable harm, the

---

[1] Defendants claim the discovery cut-off date was April 8; this is incorrect.

1  court need not reach the issue of likelihood of success on the merits.  Id.  In addition, when a
2  party seeks a mandatory injunction, which "goes well beyond simply maintaining the status quo,"
3  the party must show that the facts and the law clearly favor his position.  Stanley v. University of
4  Southern California, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal citation & quotation omitted).
5           Speculative injury does not constitute irreparable harm.  See Caribbean Marine
6  Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir.1988); Goldie's Bookstore, Inc. v. Superior
7  Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be shown,
8  although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research,
9  Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997).
10          In cases brought by prisoners involving conditions of confinement, any
11 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
12 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
13 correct the harm." 18 U.S.C. § 3626(a)(2).
14          A.  Injunctive Relief–Law Library/Legal Property Access (Docket No. 47)
15          Plaintiff argues that since his transfer to High Desert State Prison, he has not been
16 given access to the law library and has not received his legal property, which has undercut his
17 ability to litigate this case.
18          Defendants have filed the declaration of Jason Bishop, Litigation Coordinator,
19 who avers that plaintiff visited the law library on March 6, 12, 21 and 27, 2008.  Plaintiff has not
20 rebutted this showing.  Moreover, in his motion to compel, plaintiff acknowledged that he
21 received his legal property on February 27.  Accordingly, he has not demonstrated irreparable
22 injury.
23          B.  Request For Injunctive Relief–Transfer (Docket No. 58)
24          Plaintiff alleges that he is "housed on a yard with an enemy" according to his file,
25 but does not know the identity of the enemy and so could not protect himself in case of an attack.
26 Motion at 1.  He attaches a copy of a chrono, which  states "an enemy is housed at HDSP-IV

(SNY)).  Plaintiff does not explain why this cryptic notation means that the enemy is on the same yard nor does he explain why he would be unable to recognize an enemy of his if he saw such a person.  He has presented nothing but his speculation that he is in danger of being assaulted if he is not transferred to another institution.

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (docket no. 52) is denied.

2. Plaintiff's motion for an extension of time to conduct discovery (docket no. 57) is granted.  His discovery requests should be served no later than twenty days after the date of this order; responses are due forty-five days after the service of the requests.  Any motions to compel discovery are due no later than seventy-five days from the date of this order.

3. Plaintiff's motion for emergency injunction relief, construed as a request for a temporary restraining order (docket no. 47) is denied.

4. Plaintiff's request for injunctive relief, construed as a request for a temporary restraining order (docket no. 58), is denied.

IT IS HEREBY RECOMMENDED that plaintiff's requests for injunctive relief (docket nos. 47 and 58), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 19, 2008.

2 broa1482.mtc+

U.S. MAGISTRATE JUDGE

4