IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY BROADWAY,

    Plaintiff,      No. CIV S-06-1482 MCE KJM P

    vs.

T. FELKER, et al.,      ORDER AND

    Defendants.      FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. In his amended complaint, he alleges that he informed defendants Townsend and Dangler that confidential information about him had been leaked to other inmates and that, as a result, he had received threats. Am. Compl. ¶¶ 15-17,[1] 18-27. The confidential information included the nature of his commitment offense and his serving as a source of information about prison gangs for prison authorities. Am. Compl. ¶¶ 28, 35 & Exs. B, F. As part of the grievance process, defendants Barnes and Sisto learned of plaintiff's fears for his safety, but did not act. Am. Compl. ¶¶ 28, 35. He was later assaulted by other inmates. Am. Compl. ¶ 40. He alleges that his Eighth Amendment rights were violated and seeks compensatory and punitive damages. Am. Compl. ¶¶ 52, 62 and p. 19.

---

[1] The complaint contains two paragraph 17s; this cite is to the first such paragraph.

1

1   Defendants Barnes and Sisto have filed a motion to dismiss and to strike the claim
2 for punitive damages.  Plaintiff has filed a motion for access to his legal materials, a request for a
3 reevaluation of his motion for the appointment of counsel and a motion for an extension of time
4 to respond to defendants' motion for summary judgment.
5 I. The Motion To Dismiss
6   A. Standards For A Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)
7   In considering a motion to dismiss, the court must accept as true the allegations of
8 the complaint in question, Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197 (2007), and construe the
9 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
10 (1974).  In order to survive dismissal for failure to state a claim a complaint must contain more
11 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
12 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.
13 Twombly, __ U.S. __, 127 S.Ct. (2007).  However, "[s]pecific facts are not necessary; the
14 statement [of facts] need only give the defendant fair notice of what the . . . claim is and the
15 grounds upon which it rests.'"  Erickson, 127 S.Ct. at *2200 (internal quotations omitted).  A
16 motion to dismiss for failure to state a claim should not be granted unless it appears beyond
17 doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to
18 relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).
19   B. Analysis
20   Defendants Barnes and Sisto argue the action must be dismissed because their
21 involvement is limited to denying plaintiff's grievances.  They also say there is no causal
22 connection between their actions and his injuries, because the information had already been
23 leaked by the time they became involved.
24   It is true that a prison inmate has no constitutional right to a grievance process
25 and that the handling of grievances does not generally raise constitutional concerns.  Mann v.
26 Adams, 855 F.2d 639, 640 (9th Cir. 1988).  It is also true that there must be a causal connection

between a defendant's acts or omissions and the constitutional violation. Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

In this case, however, plaintiff is not challenging the way the grievance was handled as an independent violation of his rights. Instead, a fair reading of the complaint is that he is alleging that Barnes' and Sisto's participation in the grievance process put them on notice that he was in danger and that they failed to act. Am. Compl. ¶¶ 46-49. Moreover, he is not alleging that Barnes and Sisto are vicariously liable for the leaked confidential information, but rather that they are directly liable for failing to take steps to protect him once they were put on notice. Id. At this stage of the proceedings, plaintiff has adequately pleaded an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk").

Defendants also argue they are entitled to qualified immunity from damages and so should be dismissed from the action. Resolving a motion to dismiss on qualified immunity grounds is challenging because of the fact-specific nature of the inquiry. Alvarado v. Litscher, 267 F.3d 648, 651-52 (7th Cir. 2001) (plaintiff is not required to plead facts that anticipate and overcome qualified immunity). The Ninth Circuit has noted the problems in evaluating a claim of qualified immunity "on a non-existent factual record." Hydrick v. Hunter, 500 F.3d 978, 985 (9th Cir. 2007), petition for cert. filed, 76 U.S.L.W. 3410 (Jan. 17, 2008) (No. 07-958).

Defendants appear to concede that at the time of their conduct, plaintiff had an Eighth Amendment right to be protected from violence at the hands of other inmates, a right the Supreme Court explicitly recognized in Farmer v. Brennan: the Court confirmed what the Courts of Appeal had "uniformly held": "'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners'" under the Eighth Amendment. 511 U.S. at 833. Defendants argue in exceedingly conclusory fashion that a reasonable person in their position could have believed his conduct was lawful. Motion To Dismiss (MTD) at 7.

/////

In his complaint and its attachments, plaintiff alleges that Barnes and Sisto became aware of plaintiff's fears that his safety was in jeopardy because other inmates had become aware of his commitment offense and because he gave information about gang activities to the authorities, including Barnes and Sisto. Am. Compl. ¶¶ 28, 35 & Exs. B, F.  In both instances, plaintiff notified officials that he felt relatively safe in the Behavior Modification Unit (BMU), but feared for his safety if returned to his housing unit. Am. Compl., Exs. B & F. The defendants noted that plaintiff had refused to name those he feared and failed to identify specific enemy concerns.

Some courts have found no Eighth Amendment violation when an inmate refuses to name specific enemies. See, e.g., Davis v. Scott, 94 F.3d 444, 446 (8th Cir. 1996) (plaintiff unable to name specific enemies in general population); Riddle v. Mondragon, 83 F.3d 1197, 1205 (10th Cir. 1996) (plaintiffs had generalized fear based on commitment offense). Others, however, have recognized that when prison officials are aware that certain classes of inmates are in danger in the prison population, a failure to protect such an inmate may establish an Eighth Amendment violation. In Berg v. Kincheloe, 794 F.2d 457, 460-61 (9th Cir. 1986), the inmate plaintiff in protective custody told a guard he would be in danger if he reported to his job. The guard directed him to report, after which the inmate was beaten and raped. Although the complaint did not name a specific enemy, summary judgment was not warranted. Similarly, in Gullatte v. Potts, 654 F.2d 1007 (5th Cir. 1981), in the course of reversing dismissal of a complaint, the court recognized a prison official who is aware that "snitches" are in danger in general population may have a duty to protect a "snitch," whether or not the inmate provides a "list of potential enemies." Id. at 1013. Based on the current record, this court cannot find that plaintiff will be unable to prove that Barnes and Sisto were aware that persons with plaintiff's commitment offense and those who provide information on gang activity are in danger, yet failed to act. These defendants are not entitled to qualified immunity.

/////

Defendants also argue that plaintiff's claim for punitive damages must be stricken under Federal Rule of Civil Procedure 12(f). Although they cite cases discussing the standard necessary to prove entitlement for punitive damages, they have provided the court with no authority suggesting there is any heightened pleading standard for such a claim and the court declines to so find. See Clark v. Allstate Insurance Company, 106 F.Supp.2d 1016, 1018-19 (S.D. Cal. 2000). Moreover, to the extent there is such a requirement, plaintiff has satisfied it, for he alleges that these defendants were "clearly aware" of his need for protection and "intended to let the violations continue." Am. Compl. ¶ 48; see Smith v. Wade, 461 U.S. 30, 56 (1983) (punitive damages may be appropriate when "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others").

II. Motion For The Appointment Of Counsel (Docket No. 72)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Plaintiff's current circumstances do not rise to the level of the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

III. Motion For Access To Legal Materials And To Discovery (Docket Nos. 73 & 74)

Plaintiff describes his continued inability to gain access to his legal property and alleges that defendants have not responded to his discovery requests. The court will not address any discovery dispute unless and until a motion to compel is filed.

However, because the court has an obligation to monitor its docket and calendar, it will ask counsel for defendants to contact High Desert State Prison to determine why plaintiff is not being given some access to his legal materials.

IV. Request For An Extension Of Time (Docket No. 74)

Plaintiff has shown good cause for his request.

IT IS THEREFORE ORDERED that:

1. Plaintiff's request for an extension of time (docket no. 74) is granted and plaintiff is given thirty days from the date of this order in which to file his opposition to the motion for summary judgment;

2. Plaintiff's request for the appointment of counsel (docket no. 72) is denied; and

3. Counsel for defendants is directed to contact High Desert State Prison and report to this court, within thirty days of the date of this order, why plaintiff has not been given access to his legal materials and when he will receive such access.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (docket no. 41) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 28, 2008.

_____
U.S. MAGISTRATE JUDGE

2
broa1482.57