IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY BROADWAY,

        Plaintiff,                       No. CIV S-06-1482 MCE KJM P

    vs.

T. FELKER, et al.,                   <u>ORDER AND</u>

        Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed a motion for sanctions, which stems from defendants' counsel's response to this court's order to inquire into the restrictions on plaintiff's access to his legal materials, and an additional request for access to the law library and to his legal property. In addition, he has filed a motion to compel discovery. Finally, he has filed a document, which is listed on the court's docket as a traverse, but is in fact a reply to defendants' answer to the complaint.

/////

/////

/////

/////

/////

I. <u>Reply To The Answer</u>

     Rule 7 of the Federal Rules of Civil Procedure provides as follows:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer</u>.

Fed. R. Civ. P. 7(a) (emphasis added). Because the court did not order plaintiff to reply to the answer, plaintiff's response will be stricken.

II. <u>Request For Sanctions; Request For Access To Library And Property</u>

     On August 29, 2008, the court directed counsel for the defendants to contact High Desert State Prison and determine when plaintiff would be given access to his legal materials. Counsel submitted the declaration of Jason Bishop, who avers that plaintiff has submitted one request for access to his legal property and that as a result, would receive his property in a short time. Bishop Decl. (Docket No. 89-2) ¶¶ 5-7.

     Plaintiff contends, however, that he has not been given access to the materials and that those portions of his legal files he did have in his cell have been removed. Mot. for Property and Law Library (Docket No. 106) at 1. He asks that the defendants be sanctioned and that the court order the prison to release his legal property to him. In other words, plaintiff seeks a mandatory injunction directing the prison to behave in a particular manner. <u>See</u> <u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1320 (9th Cir. 1994).

     Among other things, a party seeking an injunction must show the possibility of irreparable injury should injunctive relief be denied. <u>Dollar Rent A Car v. Travelers Indem. Co.</u>, 774 F.2d 1371, 1374 (9th Cir. 1985). Plaintiff has filed his opposition to defendants' motion for summary judgment and has not suggested he has been unable to address any of defendants' points because he was unable to retrieve some of his legal materials. In addition, although plaintiff complains that the latest restrictions on his visits to the law library mean that he has no

access to writing paper or envelopes, he has not suggested he has any obligation to file additional pleadings in this litigation while the motion for summary judgment is pending. He has not established one of the necessary requirements for injunctive relief.

The court declines to impose sanctions on counsel for the defendants: the court asked counsel to obtain information about plaintiff's access to his legal materials to assist the court and she acceded to the request. Plaintiff's quarrel about access to the documents is not with defendants' counsel.

III. Motion To Compel Discovery

On September 12, 2008, plaintiff filed a motion to compel discovery. However, in the order of May 20, 2008, giving plaintiff additional time to conduct discovery, the court directed that any motions to compel be filed within seventy-five days of the date of that order. Accordingly, plaintiff's motion to compel was due August 4, 2008.[1] The instant motion was untimely.

IT IS THEREFORE ORDERED that:

1. Plaintiff's reply to the answer (docket no. 98) is stricken from the record;

2. Plaintiff's request for sanctions (docket no. 96) is denied; and

3. Plaintiff's motion to compel discovery (docket no. 87) is denied.

IT IS HEREBY RECOMMENDED that plaintiff's request for access to the law library and to his legal materials, construed as a request for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

---

[1] The seventy-fifth day, August 3, fell on a Sunday.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 24, 2008.

_____
U.S. MAGISTRATE JUDGE

2/broa1482.ord